IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                                    Case No. 3:05CR783

          Plaintiff

   v.                                                                                        ORDER

Miguel A. Flores,

          Defendant

      This is a criminal case in which the defendant was convicted under 18 U.S.C. § 846. Pending is defendant's motion to amend judgment through application of § 5G1.3 of the Federal Sentencing Guidelines.

      At time of sentencing, the defendant's base offense level was 23 and his criminal history category was IV. His guideline range was 70-87 months.

      At the time of sentencing, defendant had an undischarged term following a state court conviction in Summit County, Ohio. The crime underlying that conviction was related to the conspiracy in this case. This resulted in a reduction of 43 months from his sentence in this case.

      The defendant was also convicted of drug trafficking in Putnam County, Ohio, in 2001. That offense likewise was related to the conspiracy in this case.

      The defendant's pending motion claims that his federal sentence should have been reduced by five months and 38 days pursuant to § 5G1.3.

      He is mistaken: § 5G1.3 relates to <u>un</u>discharged state sentences, such as in the Summit County case.

To be sure, Application Note 4 to § 5G1.3 provides that "[i]n the case of a discharged term of imprisonment, a downward departure is not prohibited" where the defendant has completed the term of imprisonment and the adjustment would have otherwise been available. As a Downward Departure, this provision indicates that a court may, but is not required to, award such a reduction as a matter of discretion.

Here, no departure was granted beyond the 43 months for the Summit County case.  A further reduction was unwarranted.

In any event, this Court presently lacks authority to amend an earlier sentence. Rule 35(a) of the Federal Rules of Criminal Procedure provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." This requirement is jurisdictional, and "requires a district court to actually resentence a defendant within the seven-day period therein described." *U.S. v. Vicol*, 460 F.3d 693, 695 (6th Cir. 2006).

Defendant filed his motion, which clearly seeks to "Amend Judgment," a year after sentencing. Authority to amend judgment expired seven days after sentencing. Thus, even if I were inclined to grant defendant's motion, I would be unable to do so.

It is, therefore,

ORDERED THAT defendant's Motion to Amend Judgment [Doc. 297] be, and the same hereby is denied.

So ordered.

                                                                                               s/James G. Carr
                                                                                                James G. Carr
                                                                                                Chief Judge